CASE 9—PETITION—JUNE 14.

# Piatt, &c. v. Covington and Cincinnati Bridge Company.

### APPEAL FROM KENTON CIRCUIT COURT.

1. A BRIDGE IS NOT EXCLUDED BY FERRY FRANCHISES.—The establishment of a ferry across the Ohio River from Covington, Ky., to Cincinnati, Ohio, did not vest in the owners of the franchise the exclusive privilege of transporting persons and property across the river for hire, by whatever mode the legislature might choose to authorize, in view of the convenience of the public, the increase of travel, etc.
2. Notwithstanding the previous grant of the ferry franchise, the right and power still existed in the legislature of authorizing the erection of a bridge for better subserving the interests of the public.
3. Where the construction of a bridge will interpose no physical obstruction to the enjoyment of a ferry franchise across the same river, the owners of the ferry are not entitled to compensation for any

incidental impairment of the profits of their ferry, resulting merely from the use of the bridge instead of the ferry by the public. (Charles River Bridge v. Warren Bridge, &c., 11 Peters, 420.)

4. The laws of Kentucky for establishing and regulating ferries do not contain any express provisions prohibiting the erection of bridges, however near may be the site of the bridge to the landing of the ferry.

5. Ferries and bridges are not authorized for remunerative purposes of the owners only, but for the benefit of the public, whose interest is their first and paramount object; and in the absence of express law the legislature should not be presumed to have intended to deprive itself of the power of promoting that object.

6. THE OWNERS OF THE FERRY FRANCHISES ARE NOT ENTITLED TO A RECOVERY.—The ferry landing not being affected or obstructed by the erection of the bridge, the owners of the ferry franchises are not entitled to a recovery for the loss and injury sustained in consequence of the erection of the bridge across the Ohio River from Covington, Ky., to Cincinnati, Ohio.

ALFRED YAPLE, . .　⎫
JOHNSON & TAYLOR,　⎪
W. S. RANKIN, . . .　⎬　. . . . . . . For Appellants,
JOHN L. SCOTT, . . .　⎭

CITED

Revised Statutes, sec. 1, 1 Stanton, 465; sec. 4, pages 538–9.
Revised Statutes, secs. 1 and 2, 2 Stanton, 126, 127; 1 *ib.* 153–4.
Myers's Supplement, 692, Act of December 9, 1865
Constitution of the United States, amendment 5.
Constitution of Kentucky, section 14, article 13.
Constitution of Ohio, section 19, article 1.
Addison on Torts, last English edition, pages 11, 12.
Lloyd's Law of Compensation, English edition, 1870, page 90.
Houk on Rivers, 205–214, sections 311–330.
Civil Code, sections 153.
8 Dana, 50, Samuel Kennedy's heirs v. Covington.
1 Greenleaf on Evidence, secs. 189, 211, 510, 511, 538, 551.
4 Johnson's Chancery, 156, Ogden v. Gibbons.
2 J. J. Marshall, 225, Trustees of Maysville v. Boon.
4 J. J. Marshall, 29, 30, Brown v. Given.
3 O. S. 344, Coakley v. Perry.
12 O. S. 231, Ward v. McIntosh.
15 O. S. 162, McKinzie v. Perrill.
7 O. S. 99, Conover v. McAfferty.

Piatt, &c. v. Covington and Cincinnati Bridge Company.

18 O. S. 169, Goodin v. Cincinnati & Whitewater Canal Co.

19 O. S. 92, Hatch v. Cin. & Ind. Railroad Company.

5 vol., part 6, Year Book, 1 Henry IV. to 1 Henry VI., A. D. 1399–1423.

12 Year, folio 47 a, Wallace's Reporter, 69, 70.

1 Smith's Leading Cases, 4th Am. ed., side page 131, top page 311.

5 Johnson's Chancery, 101–112, Newburg & T. P. Co. v. Miller.

2 Equity Cases, 123, Litton v. Goodden.

4 American Law Register, N. S., 513–522.

5 A. & E. 804, Reg. v. Thames Imp. Nav. Com'rs.

8 Wallace, 603, Hepburn v. Griswold.

11 Peters, 420, Charles River Bridge Co. v. Warren Bridge Co.

7 N. H. 59, Piscataqua Bridge Co. v. N. H. Bridge Co.

13 Howard, 71–81, Richmond & R. Co. v. Louisa, &c. R. Co.

21 Cal. 252, 253, Fall v. County of Sutter.

30 New York, 61, Fort Plain Bridge Co. v. Smith.

6 Paige's Chancery, 554, Mohawk, &c. v. Utica, &c.

1 Barbour's Chancery, 547, Oswego, &c. Falls Bridge Co. v. Fish.

3 Indiana, 21, Bush v. Peru Bridge Co.

2 Porter (Ala.) 296, Dyer v. Tuscaloosa, &c.

2 Alabama (N. S.) 746, Jones v. Johnson.

11 Leigh (Va.) 42, Tuckahoe, &c. v. Tuckahoe, &c.

17 Connecticut, 454, Enfield Toll, &c. v. Hartford, &c.

3 Sand. Chancery, 625, Thompson v. N. Y. & Har. &c.

3 Wallace, 210, Turnpike Co. v. State.

1 Wallace, 116, Bridge Co. v. Hoboken.

2 Greenleaf's Cruise, 66, N.

3 Washburn on Real Property, 269, 273.

1 Redfield on Railways, side pp. 131–2, top pp. 258–9, and note.

2 Redfield on Railways, top pp. 255, 256, 406, sec. 231.

27 Vermont, 140, Thrope v. But. & Bur. R. Co.

15 Vermont, 746, Armington v. Barnett.

16 Vermont, 746, West River, &c. v. Dix.

6 Howard, 507, West River Bridge Co. v. Dix.

1 Shelf. Rail. (Bennett's) 441, and cases cited.

2 Jones's Law Rep. 186, McRee v. Wilmington & Raleigh R. R. Co.

19 Johnson's, 381, Guille v. Swan.

4 Gray, 474, Central Bridge Company v. Lowell.

21 Vermont, 590, White River Turnpike Co. v. Vermont Central Railroad Co.

23 Pickering, 360, Boston Wat. Pr. Co. v. Boston, &c. R. Co.

2 Gray, 1, Boston & Low. R. R. Co. v. Salem & Low. R. R. Co.

42 Barbour, 119, Matter of Kerr.

3 Indiana, 464, New Castle & R. Riv. v. P. & Ind. R.

2 Washb. Real Property, top pages 271, 272, side pages 11–24.
2 McLean's Reports, 376, 377, Bowman v. Wathen.
4 Bibb, 309, Lawless v. Reese.
1 Black, 603, 630, 632, Conway, &c. v. Taylor's executors.
6 Monroe, 186, 187, Givens v. Ferguson's heirs.
3 J. J. Marshall, 668, Lytle v. Breckinridge.
6 J. J. Marshall, 143, Evertson v. Sanderson.
2 Marshall, 379, Jefferson Seminary v. Wagon.
3 Marshall, 321, Givens v. Pollard.
2 Littell, 301, Casey v. Jones.          17 B. Monroe, 567.
11 O. S. 367, Bird v. Blessing.
7 Dana, 81, and 178–80, Rice v. Turnpike Company.
5 Dana, 28, Sutton's heirs v. Louisville.
9 Dana, 114, Jacob v. Louisville.
15 Monroe, 401, Woolf v. Lexington & Covington Railroad Co.
13 B. Monroe, 31, Slack v. Maysville Railroad Company.
17 B. Monroe, 177, Henderson & Nashville R. R. Co. v. Dickerson.
17 B. Monroe, 190, Waller v. Martin.
2 Duvall, 140, Richmond & Lexington Turnpike Road Company
   v. Rogers.

M. M. BENTON, . . . . . . . . . . . For Appellee,

CITED

3 Sand. (Ch. Rep.) 625, Thompson v. N. Y. & Harlem R. R. Co.
1 Barbour, 547, Oswego Falls Bridge Co. v. Fish.
8 Dana, 64, Kennedy v. Covington.
3 Kent's Commentaries, 565.
5 Yerger, (Tenn.) 189, Allen v. Farnsworth.
10 Yerger, 280, Nashville Bridge Company v. Shilby.
2 Dev. (N. C.) 403, Pipkin v. Wynns.
5 Bush, 458, Hamilton v. Keith.
2 Porter, 296, Dyer v. Tuskaloosa Bridge Company.
17 Conn. 454, Enfield Toll-bridge Co. v. Hartford & New Haven
   Railroad Co.
11 Peters, 420, Charles River Bridge Co. v. Warren Bridge.
17 B. Monroe, 584, Kennedy v. City of Covington.
   Greenleaf's Cruise, title "Franchise," sec. 29.
   Constitution of the United States, section 10, article 1.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT.

This action was instituted in September, 1869, by the appellants, claiming to have been the owners of the rights and privileges pertaining to a ferry across the Ohio River between

the cities of Covington and Cincinnati, for the recovery of damages against the Covington and Cincinnati Bridge Company for injury to their property, and loss sustained in their custom and business, in consequence of the erection of the bridge now spanning the Ohio River between Covington and Cincinnati; the structure of which, on the Kentucky side of the river, the plaintiff's alleged, was wrongfully made upon their ferry landing, and so as to obstruct and injure the same; and by reason of the facilities and conveniences for travel and transportation across the river furnished to the public by the erection of the bridge, in competition with those furnished by the plaintiffs in the exercise of their ferry rights and privileges, the patronage and custom of the public was diverted and taken away from them to such an extent as to destroy the profits of their business, and in a great measure the value of the property, rights, and privileges owned by them in connection with the ferry. They further alleged that they were the owners of the land on the Kentucky shore upon which part of the structure of the bridge was erected without their consent, or compensation to them either for their property so occupied or the obstruction which the erection of the bridge caused to the use of their ferry. For all of which they sought to recover the sum of five hundred thousand dollars in damages.

The appellee, in its defense, controverted the alleged ownership by the plaintiffs of any part of the land, and claiming to have been incorporated, both by the laws of Ohio and Kentucky, for the purpose of erecting and using the bridge, which was also sanctioned and authorized as a lawful structure, and made a post-road or highway by the Congress of the United States; denied its liability to the plaintiffs for any loss or injury to their property or business which might have incidentally resulted from the erection of the bridge, and the conveniences and facilities which were thereby furnished to the public for travel and transportation across the river.

At the conclusion of the evidence adduced on the trial the court, at the instance of the defendant, peremptorily instructed the jury to find for it, and a verdict was rendered for the defendant accordingly; and the court having adjudged in accordance with the verdict, and overruled a motion for a new trial, the plaintiffs have appealed to this court. Placing out of view certain questions presented by the argument for the appellee as affecting the validity of the title, franchises, and privileges underlying the plaintiff's claim, and also their claim to the land occupied by the appellee by the erection of the bridge, which is not sustained by the evidence, and conceding the right of the appellants to maintain an action for any infraction of the rights and exclusive privileges which by the laws of this state are secured to the owners of a ferry across the Ohio River, legally authorized, established, and licensed, we will confine ourselves to the consideration of what we conceive to be the essential question on which the correctness of the peremptory instruction given by the court depends, and that to which the argument of the counsel on both sides has been mainly directed. Admitting the right of the appellants to the exclusive enjoyment of their ferry franchise to the fullest extent contemplated or allowed by the laws of this state, and that within certain limits they were protected by law from competition by the establishment of rival ferries, did the mere grant of the franchise under existing laws have the effect of vesting in the appellants the exclusive privilege of transporting persons and property across the river for hire between Covington and Cincinnati, by whatever mode the legislature of this state might choose to authorize, in view of the convenience of the public and the increase of travel and commercial intercourse between the cities of Covington and Cincinnati? This involves the inquiry whether the appellants could have successfully resisted the erection of the bridge as infringing or unlawfully affecting their rights; for if, notwith-

standing the previous grant of the ferry franchise, the right and power still existed in the legislature of authorizing the erection of a bridge for better subserving the interests of the public, it is difficult to perceive how the owners of the bridge could be held responsible for the loss of custom to the plaintiffs, however great it might be, incidentally and consequentially resulting from the preference which the public might give to the bridge over the ferry as a means of crossing the river.

In the case of the Richmond and Lexington Turnpike Road Company v. Rodgers (1 Duvall, 135) this court held, in substantial conformity with the controlling principle decided in the case of the Charles River Bridge v. The Warren Bridge *et al.* (11 Peters, 420), that where the construction of a bridge will interpose no physical obstruction to the enjoyment of a ferry franchise across the same river, the owners of the ferry are not entitled to compensation for any incidental impairment of the profits of their ferry resulting merely from the use of the bridge instead of the ferry by the public.

It can not be pretended that the laws of this state for establishing and regulating ferries contain any express provision prohibiting the erection of bridges across our rivers, however near may be the site of a bridge to the landings of a ferry; and for obvious reasons of policy and necessity no such prohibition should be raised by implication. In the case of the Charles River Bridge v. Warren Bridge *et al., supra,* it was truly said by the Supreme Court of the United States that "the object and end of all government is to promote the happiness and prosperity of the community by which it is established; and it can never be assumed that the government intended to diminish its power for accomplishing the end for which it was created. And in a country like ours, free, active, and enterprising, continually advancing in numbers and wealth, new channels of communication are daily found necessary, both for travel and trade, and are essential to the comfort, conven-

ience, and prosperity of the people. A state ought never to be presumed to surrender this power, because, like the taxing power, the whole community have an interest in preserving it undiminished."

It is a familiar principle, alike applicable to the establishment of ferries and bridges under legislative sanction, that they are not authorized for remunerative purposes to the owners only, but for the benefit of the public, whose interest is their first and paramount object; and in the absence of express law the legislature should not be presumed to have intended to deprive itself of the power of promoting that object.

The importance of this doctrine is fully illustrated by various systems of internal improvements in this state, such as turnpikes and railroads, which have successively superseded each other as objects of value to their owners. If in such cases the principle were established that corporations or individuals who may incidentally impair the value of public roads and other conveniences owned by others for the use of the community incurred responsibility to them by more efficiently subserving the convenience and welfare of the public, it would, for obvious reasons, tend to impede the progress of the state, and prove to be most disastrous to its prosperity.

It does not appear that the ferry-landing of the appellants was necessarily affected or obstructed by the erection of the bridge; but it seems, on the contrary, that they had a convenient and accessible landing, improved at the joint expense of themselves and the city of Covington, some distance below the structure of the bridge on the Kentucky shore, and which they used when the bridge was commenced and during its construction.

We have not deemed it necessary to extend this opinion by reviewing the elaborate and plausible argument of counsel for the appellants, or commenting upon the numerous authorities cited by them, which have received our careful consideration.

For the reasons we have indicated we are satisfied that for the loss and injury sustained by the plaintiffs in consequence of the erection of the bridge, as alleged and proved, they were not entitled to any recovery, and the court therefore properly instructed the jury to find for the defendant.

Wherefore the judgment is affirmed.